# Exhibit A

**The Commonwealth of Massachusetts
Commission Against Discrimination
436 Dwight Street, Rm. 220 , Springfield, MA 01103
Phone: (413) 739-2145 Fax: (413) 784-1056**

RECEIVED
SEP 2 6 2008

9/16/2008

Boston Scientific Corporation
One Boston Scientific Place
Natick, MA 01760

RE: Lisa Murphy vs. Boston Scientific Corporation
MCAD Docket Number: 08SEM02626
EEOC/HUD Number: 16C-2008-02531

Dear Respondent Party:

The Massachusetts Commission Against Discrimination (MCAD) has received the above complaint of discrimination which alleges that you have committed an act of discrimination against the complainant. A copy of that complaint is enclosed.

State law requires the Commission to impartially review the allegations in that complaint. The Commission has assigned one of its staff, Gilbert May, to investigate the complaint. This MCAD investigator will keep the parties informed of the course of the investigation.

State law requires that you submit a formal written answer to the complaint, called a Position Statement. This Position Statement must be submitted within twenty-one (21) days of receipt of this notification. The Position Statement **must be signed under the pains and penalties of perjury**. A copy must also be forwarded to the Complainant at the address listed on the enclosed complaint. Failure to file a Position Statement or other response within the prescribed time may result in sanctions being imposed in accordance with 804 CMR 1.16.

It is our policy to determine whether the parties are willing to consider a rapid, informal and voluntary resolution of this dispute. The Commission encourages such resolutions as an alternative to the often lengthy and expensive litigation process. To discuss the possibility of settlement, please contact the Investigator named below.

Please be advised that Position Statements are to be addressed to Patty Woods, Administrative Assistant. If you have any questions concerning Position Statements please call (413) 739-2145 x. 46103.

If you have any questions pertaining to the Investigation, please contact Gilbert May at (413) 739-2145 x. 46130.

Sincerely,

Gilbert May
Investigator

MCAD Docket Number 08SEM02626, Serve Respondent – Without Investigative Conference

# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

| | | |
|---|---|---|
| Boston Scientific Corporation | Person Filing Charge: | Lisa Murphy |
| One Boston Scientific Place | This Person (Check One): | (X) Claims to be aggrieved |
| Natick, MA 01760 | | ( ) Is filing on behalf of |
| | Date of Alleged Violation: | 08/15/08 |
| | Place of Alleged Violation: | Natick, |
| | EEOC Charge Number: | 16C-2008-02531 |
| | MCAD Docket Number: | 08SEM02626 |

---

NOTICE OF CHARGE OF DISCRIMINATION WHERE AN FEP AGENCY WILL INITIALLY PROCESS (See Attached Information Sheet For Additional Information)

You are hereby notified that a charge of employment discrimination under
    [ ] Title VII of the Civil Rights Act of 1964
    [ ] The Age Discrimination in Employment Act of 1967 (ADEA)
    [X] The Americans Disabilities Act (ADA)
Has been received by
[ ] The EEOC and sent for initial processing to    MCAD
                                                      (FEP Agency)
[X] The Mass. Commission Against Discrimination
    (FEP) Agency and sent to the EEOC for dual filing purposes.

While the EEOC has jurisdiction (upon the expiration of any deferral requirements if this is a Title VII or ADA Charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of the Agency's final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that the allegations made in the charge are true.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency in the course of its proceedings will be considered by the Commission when it reviews the Agency's final findings and orders. In many instances the Commission will take no further action, thereby avoiding the necessity of an investigation by both the Agency and the Commission. This likelihood is increased by your active cooperation with the Agency.

[X]   As a party to the charge, you may request that EEOC review the final decision and order of the above named Agency. For such a request to be honored, you must notify the Commission in writing within 15 days of your receipt of the Agency's issuing a final finding and order. If the agency terminates its proceedings without issuing a final finding and order, you will be contacted further by the Commission. Regardless of whether the Agency or the Commission processes the charge, the Recordkeeping and Non-Retaliation provisions of Title VII and the ADEA as explained on the second page of this form apply.

For further correspondence on this matter, please use the charge number(s) shown.

[ ]   An Equal Pay Act Investigation (29 U.S.C 206(d) will be conducted by the Commission concurrently with the Agency's investigation of the charge.
[X]   Enclosure: Copy of the Charge

| Basis of Discrimination | | | | |
|---|---|---|---|---|
| ( ) Race | ( ) Color | ( ) Sex | ( ) Religion | ( ) National Origin |
| ( ) Age | (X) Disability | (X) Retaliation | ( ) Other | |

Circumstances of alleged violation:
    SEE ENCLOSED COPY OF THE CHARGE OF DISCRIMINATION (or EEOC FORM 5)

EEOC Charge Number 16C-2008-02531, EEOC Transmittal Letter to Respondent

| Date | Type Name/Title of Authorized EEOC Official | Signature |
|---|---|---|
| 9/15/2008 | Robert L. Sanders, Director | |

EEOC Charge Number 16C-2008-02531, EEOC Transmittal Letter to Respondent

| CHARGE OF DISCRIMINATION | ENTER CHARGE NUMBER |
|---|---|
| This form is affected by the Privacy Act of 1974; see Privacy Act Statement on r before completing this form. | ☐ FEPA 02-23-0266 <br> ☐ EEOC 16-2002-0253 |

Massachusetts Commission Against Discrimination and EEOC
*(State or local Agency, if any)*

| NAME (Indicate Mr., Ms., or Mrs.) <br> Lisa Murphy | HOME TELEPHONE NO. (Include Area Code) <br> (508) 414-6789 | |
|---|---|---|
| STREET ADDRESS <br> 66 Milk Street | CITY, STATE AND ZIP CODE <br> Westborough, MA 01581 | COUNTY <br> Worcester |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME <br> Boston Scientific Corporation | NO. OF EMPLOYEES/MEMEBERS <br> 50+ | TELEPHONE NUMBER (Include Area Code) <br> (508) 650-8000 |
|---|---|---|
| STREET ADDRESS <br> One Boston Scientific Place | | CITY, STATE AND ZIP CODE <br> Natick, MA 01760 |
| NAME | | TELEPHONE NUMBER (Include Area Code) |
| STREET ADDRESS | | CITY, STATE AND ZIP CODE |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate boxes)) <br> ☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN <br> ☐ AGE ☒ RETALIATION ☒ OTHER(Specify) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (Months, day, year) <br> 08/15/2008 |
|---|---|

THE PARTICULARS ARE(if additional space is needed, attached extra sheet(s)):

My counsel in this matter is:

Denise A. Chicoine (BBO # 564152)
Rosenberg, Schapiro, Englander, Chicoine & Leggett P.C.
44 School Street, Suite 800
Boston, MA 02108
Tel. No. (617) 723-7440
Fax. No. (617) 723-8849

Please see attached pages.

| ☐ I also want this charge filed with the EEOC <br> I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY- (When necessary to meet State and Local Requirements) <br> I swear or affirm that I have read the above charge and that it is best of my knowledge, information and belief. |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT *Lisa M. Murphy* |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) <br> 8/20/08 |
| 8/20/08 Date    *Lisa M. Murphy* Charging Party (Signature) | LISA A. ROBERTS <br> Notary Public <br> Commonwealth of Massachusetts <br> My Commission Expires <br> December 6, [illegible] |

PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED

EEOC Form 5
MARR4

MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION

| | | |
|---|---|---|
| LISA MURPHY, | ) | |
|     Complainant | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| BOSTON SCIENTIFIC CORPORATION, | ) | |
|     Respondent | ) | |

## INTRODUCTION

Complainant Lisa Murphy brings this Complaint against her former employer, Boston Scientific Corporation, seeking compensation and damages for discrimination in violation of Chapter 151B of Massachusetts General Laws.

## JURISDICTION AND VENUE

1. This agency has jurisdiction over this matter pursuant to M.G.L. Chapter 151B § 4. Venue is proper because the unlawful practices occurred within this district and both parties are within this district.

## PARTIES

2. Complainant Lisa Murphy ("Ms. Murphy") is an adult individual who resides at 66 Milk Street, Westborough, Massachusetts.

3. Respondent Boston Scientific Corporation ("BSC") is a corporation organized and existing under the laws of Delaware, having its principal place of business at 1 Boston Scientific Place, Natick, Massachusetts.

## FACTS

4. Ms. Murphy began working for BSC as legal secretary in 1999.

5. Ms. Murphy met all her obligations to BSC and received promotions throughout her employment at BSC.

6. Between the summer of 2001 and March 2003, Ms. Murphy and her immediate supervisor, Ty Edmondson, were personally involved. After Ms. Murphy definitively ended the relationship in March 2003, Mr. Edmondson became aggressive and hostile at work. Mr. Edmondson continued to pursue the relationship and made unwelcome sexual advances to Ms. Murphy.

7. In April 2004, Ms. Murphy filed a complaint of sexual harassment with BSC's Human Resource Department and requested a transfer away from Mr. Edmondson's supervision.

8. In April 2004, soon after Ms. Murphy filed the internal complaint, Mr. Edmondson resigned.

9. In May 2005, Ms. Murphy graduated from law school and inquired about BSC hiring her as an attorney. Ms. Murphy's supervisor informed her at that time that the director of the legal department would not hire her as an attorney.

10. In September 2005 Ms. Murphy left work due to a herniated disc in her spine.

11. Ms. Murphy remained out of work on long-term disability from September 2005 through August 2007 due to various serious health conditions which impaired her major daily functions and which required multiple surgeries.

12. In August 2007 Ms. Murphy still suffered from chronic back pain, but her health had improved to the extent that she was capable of performing the essential functions of her former position at BSC with accommodation.

13. In October 2007 Ms. Murphy submitted medical information to BSC documenting the accommodations she would need for her chronic back pain. Specifically, Ms. Murphy proposed the availability of a standing work station and a scheduling accommodation

24. BSC violated M.G.L. c. 151B by refusing to engage in the interactive process to discuss Ms. Murphy's requests for reasonable accommodations and terminating her employment in the fall of 2007.

25. BSC violated M.G.L. c. 151B by retaliating against Ms. Murphy after she sought reasonable accommodations and at the time she reapplied for employment in August 2008.

26. BSC violated M.G.L. c. 151B by failing to hire Ms. Murphy in August 2008 because she was a qualified individual with a disability within the meaning of M.G.L. Chapter 151B §1(16) or was perceived as being disabled.

**WHEREFORE**, Complainant demands judgment in her favor and prays that MCAD:

    a. award Complainant compensatory damages, including lost wages and benefits, emotional distress, interest on the compensatory damages;

    b. award multiple damages for Respondent's willful conduct;

    c. award Complainant's reasonable attorneys' fees; and

    d. grant such other and further relief as this agency deems just.

which would permit her to work twenty hours each week for up to six months as she transitioned to a full-time schedule.

14. In response BSC terminated Ms. Murphy's employment by letter dated October 30, 2007, which Ms. Murphy received in early November 2007.

15. In July 2008 Ms. Murphy reapplied for employment at BSC for a posted position of Contract Specialist.

16. Ms. Murphy was fully qualified and ideally suited to perform the position of Contract Specialist based on her prior experience at BSC.

17. On August 15, 2008 Ms. Murphy learned that BSC had chosen another candidate for the Contract Specialist position.

18. Ms. Murphy has suffered damages as a result of BSC's conduct.

## CLAIMS FOR RELIEF

### Violations of M.G.L. Chapter 151B

19. Ms. Murphy hereby realleges and incorporates by reference every allegation contained in paragraphs 1-18.

20. At all times relevant, Defendant BSC was an employer covered by M.G.L. Chapter 151B.

21. At all times relevant, Ms. Murphy was an employee protected by the provisions of M.G.L. Chapter 151B, § 4, as defined by M.G.L. Chapter 151B, § 1(17).

22. Starting in August 2007, Ms. Murphy was a qualified individual with a disability within the meaning of M.G.L. Chapter 151B §1(16) because she was capable of performing the essential functions of her position with reasonable accommodations.

23. In October 2007, Ms. Murphy sought reasonable accommodations from BSC.

3